UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| WILLIE A. JACKSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 1:09-CV-240 |
| | ) | Chief Judge Curtis L. Collier |
| KELLY DEMPSEY, individually and in her official capacity as Interim Director for the Investigative Division of the Tennessee Department of Human Services, | ) | |
| Defendant. | ) | |

## **MEMORANDUM**

Before the Court is Defendant Kelly Dempsey's ("Defendant") motion to dismiss and supporting memorandum (Court File Nos. 8, 9). Plaintiff Willie A. Jackson ("Plaintiff"), proceeding *pro se*, did not file a response. For the following reasons, the Court will **GRANT** Defendant's motion to dismiss (Court File No. 9).

## **I.    RELEVANT FACTS**

Defendant is being sued in her individual and official capacity as the Interim Director for the Investigative Division of the Tennessee Department of Human Services ("TDHS") in Chattanooga, Tennessee. This suit relates to TDHS's temporary seizure of an economic stimulus payment sent to Plaintiff in the form of a tax refund.

On May 12, 2008, the Department of the Treasury, Internal Revenue Services ("IRS"), notified Plaintiff that he would be receiving an economic stimulus payment in the sum of $300.00. Plaintiff was advised he could expect this payment by May 16, 2008. On May 16, 2008, however, Plaintiff received a second letter from the IRS, stating his economic stimulus payment was being

applied to a debt he owed TDHS pursuant to federal law. Plaintiff also received a statement from TDHS reflecting this payment and stating he still owed $713.00. Plaintiff was also advised of his appeal rights.

On May 26, 2008, Plaintiff traveled to Durham, North Carolina, and met with North Carolina Department of Human Services ("NCDHS") to apply for a conference and hearing. There, Plaintiff met with NCDHS Supervisor Carolyn Morris who placed Plaintiff in contact with TDHS via telephone. During this conversation, Plaintiff spoke directly with Defendant. Defendant advised Plaintiff she would send him documents in the mail related to filing an appeal. Plaintiff also requested a copy of the food stamp application from the 1990s that was at the heart of the debt allegedly owed TDHS. Defendant advised Plaintiff this application was no longer available, because those applications were only retained for three years.

On June 13, 2008, Donza Knight, a law clerk for Legal Aid of North Carolina, sent Plaintiff a letter advising him they had been in contact with Defendant. According to Ms. Knight's conversation with Defendant, as reported in the letter, someone using Plaintiff's name and social security number had applied for food stamp benefits in Tennessee. The letter also advised Plaintiff that in order for TDHS to investigate the case, Plaintiff must file an appeal.

On June 23, 2008, Plaintiff sent Defendant a letter demanding return of his economic stimulus payment within ten days or he would file a lawsuit. Nearly one year later, on June 15, 2009, the economic stimulus payment was refunded to Plaintiff.

Based on the foregoing, Plaintiff filed suit against Defendant. In this complaint, Plaintiff alleges the letter he received from Defendant was "fraudulent and defamatory" because he did not actually owe the alleged debt. For this reason, Plaintiff alleges a claim for libel and defamation.

2

Further, Plaintiff alleges that his economic stimulus payment was unlawfully seized of due process under the Fourth and Fourteenth Amendments. Plaintiff also alleges that this conduct constituted a "cruel an unusual punishment" under the Eight Amendment. Finally, Defendant alleges a cause of action for civil RICO, alleging Defendant acted in conjunction with other government agencies to extort him out of his property.

Defendant brings this motion to dismiss, arguing 1) this Court should dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and 2) this Court should dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## II.  STANDARD OF REVIEW

Challenges to this Court's subject matter jurisdiction generally come in two varieties: a facial attack or a factual attack. *Gentek Bldg. Prods., Inc. v. Steel Peel Litig. Trust*, 491 F.3d 320, 330 (6th Cir. 2007). A facial attack questions merely the sufficiency of the pleading. *Id.*; *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). When reviewing a facial attack, a district court takes the allegations in the complaint as true. *Gentek Bldg. Prods., Inc.*, 491 F.3d at 330. When reviewing a factual attack, however, the complaint is not treated as presumptively true and the district court weighs the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction does or does not exist. *Id.* In such a situation, the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Giesse v. Sec'y of the Dep't of Health and Human Servs.*, 522 F.3d 697, 702 (6th Cir. 2008).

When reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, accept the complaint's factual allegations as

true, *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007), and determine whether the plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009) (quoting Fed. R. Civ. P. 8(a)(2)), but that statement must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In deciding a motion to dismiss, the question is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support his claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). At the same time, bare assertions of legal conclusions are insufficient, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Unsupported allegations and legal conclusions "masquerading as factual conclusions" are not sufficient. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

## III.  DISCUSSION

### A.  Subject Matter Jurisdiction

Plaintiff has sued Defendant in her individual and official capacity. A suit against a state official acting in his or her official capacity is a suit against the official's office and, by extension, the state itself. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Defendant argues Plaintiff's claims against her in her official capacity are barred by the Eleventh Amendment.

4

The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment immunizes states from suit by an individual. *Hans v. Louisiana*, 134 U.S. 1 (1890). Unless a state has waived its immunity or Congress has validly abrogated the state's immunity, neither a state nor agencies acting under its control may be subject to suit in federal court. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).

Here, Plaintiff alleges no cause of action for which the State of Tennessee has waived its sovereign immunity. Plaintiff alleges state law claims for libel and defamation. However, the State of Tennessee has not waived its immunity for suits on this cause of action. *See* Tenn. Code Ann. § 29-20-205(2) (expressly reserving immunity against suits based upon "libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of right of privacy, or civil rights"). Similarly, Plaintiff alleges Defendant's conduct constituted a "cruel an unusual punishment" under the Eight Amendment. Because this cause of action fails to state a claim upon which relief can be granted, as discussed below, it likewise fails to abrogate Tennessee's immunity. Finally, Defendant alleges a cause of action under the RICO statute. However, Congress did not abrogate state sovereign immunity under RICO. *See Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). Therefore, the State of Tennessee is entitled to assert sovereign immunity on all of Plaintiff's claims, thus depriving this Court of subject matter jurisdiction. All of Plaintiff's claims against Defendant in her official capacity will be dismissed.

**B. Libel and Defamation**

Plaintiff alleges Defendant is liable for libel and defamation in her individual capacity. Defendant asserts Plaintiff fails to state a claim for libel or defamation.

Under Tennessee law, to establish a claim for defamation of a non-public figure, Plaintiff must show: 1) a party published a statement; 2) with knowledge that the statement was false or defaming to the other; or 3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement. *Sullivan v. Baptist Mem'l Hosp.*, 995 S.W.2d 569, 571 (Tenn. 1999).

Defendant argues she is entitled to judgment on the claim of defamation and libel because the letter to which Plaintiff refers was sent by the Department of the United States Treasury, Financial Management Services, and not by Defendant. Because one of the necessary elements of a cause of action for defamation or libel is a statement made by the defendant, *see id.*, the Court agrees Plaintiff fails to state a claim upon which relief can be granted. Since Defendant did not send personally send the letter, she cannot be held responsible for it.

### C. Fourth and Fourteenth Amendments

Plaintiff alleges Defendant violated the Fourth and Fourteenth Amendments by unlawfully seizing his economic stimulus payment. Because Plaintiff cannot sue the state agency represented by Defendant, as discussed above, Defendant argues Plaintiff fails to state a claim because there is no allegation she was personally involved in the decision to withhold his economic stimulus payment.

Here, the Court agrees with Defendant. Plaintiff's only allegation of Defendant's involvement is that she sent him paper work concerning how to file an appeal after the decision to withhold his economic stimulus payment had already been made. To validly state a claim, Plaintiff

6

must allege that Defendant is personally liable for the misconduct. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (requiring a complaint to contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Even if withholding the stimulus payment was a violation of Plaintiff's rights, Defendant was not personally involved in that decision.

Nor can Defendant's complaint be saved by construing it as an allegation that Defendant was negligent in not releasing the economic stimulus payment once she became aware of Plaintiff's objection. Though it is unclear whether Plaintiff intends to allege a substantive or procedural due process violation, he fails to state a claim under either theory. Negligence is insufficient to allege a substantive due process violation: "Mere negligence on the part of governments and their agents does not provide plaintiffs with a ticket to federal court to seek substantive due process relief." *Mitchell v. McNeil*, 487 F.3d 374, 376 (6th Cir. 2007) (citing *Paul v. Davis*, 424 U.S. 693, 701 (1976)). Likewise, Plaintiff himself admits that Defendant offered him procedural due process after she became aware of his situation. According to Plaintiff, she sent him the necessary paper work to file the appropriate appeals (Compl. at 4). Plaintiff does not allege he was entitled to any process in addition to that proscribed by applicable federal regulations regarding the process for state agencies to collect claims against recipients who owe for the overpayment of benefits. *See* 7 C.F.R. § 273.18. Therefore, he has failed to allege Defendant violated his right to due process.

Because Plaintiff cannot sue the State of Tennessee or the agency represented by Defendant, it is necessary that Plaintiff show Defendant was personally involved in the conduct which caused him harm. Defendant did not allege any facts which would support such a finding. Therefore, there is no claim against Defendant individually for violation of the Fourth and Fourteenth Amendment.

**D. Eighth Amendment**

Plaintiff does not state a claim under the Eighth Amendment. The Eighth Amendment prohibits "cruel and unusual punishment." Courts, however, have consistently interpreted this prohibition to apply only to those convicted of crimes. It does not apply outside the criminal context. *Ingraham v. Wright*, 430 U.S. 651, 664 (1976). Therefore, Plaintiff fails to state a claim under the Eighth Amendment.

**E. RICO**

Finally, Defendant argues Plaintiff fails to state a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). The Court agrees.

A plaintiff alleging a civil RICO violation must establish 1) there were two or more predicate offenses, 2) the existence of an enterprise engaged in or affecting interstate or foreign commerce, 3) a nexus between the pattern of racketeering activity and the enterprise; and 4) an injury to his business or property by reason of the above. *Frank v. D'Ambrosi*, 4 F.3d 1378, 1385 (6th Cir. 1993). "Only those acts itemized in 18 U.S.C. § 1961(1) can constitute predicate offenses for RICO violations." *Id.*

Here, Plaintiff has not alleged any conduct that would constitute a predicate offense. Examples of predicate offenses include murder, robbery, bribery, extortion, mail fraud, and so on. The list of predicate offenses does not include inappropriately managing a tax refund. Likewise, Plaintiff does not allege that Defendant personally committed any of these predicate offenses. Therefore, she cannot be personally liable under RICO. Finally, even if failing to process his stimulus payment could be construed as a predicate offense, Plaintiff only alleges this one instance.

A claim under RICO requires at least two predicate offenses. *See above.* Therefore, Plaintiff fails to state a claim under RICO.

**IV. CONCLUSION**

Because Defendant is entitled to immunity for all claims in her official capacity, and because Plaintiff has failed to state a claim against Defendant in her individual capacity, the Court will **GRANT** Defendant's motion to dismiss (Court File No. 8) and **DISMISS** the case.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**